# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF FLORIDA

# FORT LAUDERDALE DIVISION

FILED BY [signature] D.C.
MAY 05 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**Case No. 0:26-cv-61001-JMS**

CHARLES JACOB STRATMANN,

Plaintiff (Pro Se),

-- v. --

SEAKEEPER, INC.;

MADISON INDUSTRIES, INC.;

DOES 1-10,

Defendants.

## PLAINTIFF'S CORRECTED COMBINED RESPONSE TO ORDER TO SHOW CAUSE (DE 8), NOTICE OF NON-CONSENT TO MAGISTRATE-JUDGE JURISDICTION, MOTION FOR REASSIGNMENT TO A DISTRICT JUDGE, AND MOTION TO RECONSIDER DENIAL OF IN FORMA PAUPERIS STATUS (DE 7) ON GROUND OF INABILITY TO PAY

Plaintiff Charles Jacob Stratmann, appearing pro se, respectfully responds to this Court's Order to Show Cause entered April 27, 2026 (DE 8), elects under 28 U.S.C. Sec. 636(c) and Local Rule 16.4 **not to consent** to Magistrate-Judge jurisdiction, requests reassignment to a United States District Judge, and -- on materially changed circumstances -- moves the Court to reconsider the denial of *in forma pauperis* status entered April 16, 2026 (DE 7) on the ground that Plaintiff is **unable to pay** the $405.00 filing fee without depriving himself and his dependents of the necessities of life.

This corrected filing supersedes Plaintiff's prior combined submission of May 4, 2026 (entered on the docket on May 5, 2026 as DE 9 (Motion for Reconsideration of DE 7) and DE 10 (Response to Order to Show Cause re DE 8)), to the extent inconsistent, and is timely under the Order to Show Cause return date of May 11, 2026. The accompanying Notice of Errata

identifies the differences. Concurrently filed: Declaration of Charles Jacob Stratmann in Support of Inability to Pay (Cascading Collapse) and Proposed Order.

In support, Plaintiff states:

## I. Compliance With DE 8 and Election Under Section 636(c)

1. DE 8 directed Plaintiff to file, on or before May 4, 2026, either (a) a notice of consent to Magistrate-Judge jurisdiction or (b) a motion for case reassignment, and stated that nonresponse would be treated as implied consent and could result in sanctions including dismissal.

1. Plaintiff lodged a timely (May 4, 2026) submission and now files this corrected combined motion within the 14-day OSC return window (return date May 11, 2026).

1. Plaintiff respectfully **declines to consent** to Magistrate-Judge jurisdiction for all purposes including entry of judgment. The election under 28 U.S.C. Sec. 636(c) is voluntary, and Plaintiff exercises his right to have a District Judge preside over this action. Plaintiff therefore moves for reassignment under DE 8 paragraph (b).

1. This action is part of a multi-forum litigation cluster involving overlapping defendants and federal claims, including *Seakeeper, Inc. v. Starboard Yacht Group, LLC*, 1:26-cv-01332-MJM (D. Md.) (TRO/PI hearing set May 11, 2026); the related federal RICO action *Stratmann v. Ivankovich, et al.*, 0:26-cv-61150-PAB (S.D. Fla.); companion case 0:26-cv-61090-WPD; and overlapping vessel-evidence proceedings. Article III adjudication is appropriate because (a) federal RICO claims under 18 U.S.C. Sec. 1962 are intertwined with the predicate conduct alleged in this matter; (b) Plaintiff intends to seek pre-trial relief on multi-defendant evidentiary, joinder, and consolidation questions; and (c) preserving Article III review at the trial-court level avoids unnecessary appellate detours under Sec. 636(c)(3).

1. The defect identified by DE 8 -- namely, the absence of an election under Sec. 636(c) -- is hereby cured.

## II. Motion to Reconsider Denial of IFP (DE 7) -- Inability to Pay

1. The Court denied Plaintiff's IFP application on April 16, 2026 (DE 7). Plaintiff has not previously sought reconsideration of that order. Plaintiff now moves for reconsideration under the Court's inherent authority and Local Rule 7.1, on the ground that **materially changed circumstances** demonstrate that Plaintiff is unable to pay the $405.00 filing fee without depriving himself and his dependents of the necessities of life.

1. The governing standard does not require destitution. *Adkins v. E.I. du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) ("[A]n affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs ... and still be able to provide' himself and dependents 'with the necessities of life.'"). The Eleventh Circuit applies the same flexible test, examining the affiant's sworn financial circumstances and the totality of obligations. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Where indigence is itself the foreseeable result of the very wrongdoing the suit seeks to redress, denial of IFP would compound that injury and undermine meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

1. Plaintiff's financial circumstances since DE 7 (April 16, 2026) have materially deteriorated and confirm an inability to pay:

| **Bank / Account (last-4)** | **Status (as of May 1, 2026)** | **Available Balance** |
|---|---|---|
| Bank of America (acct ending 5816) | Active personal | **NEGATIVE ($187.46)** |
| JPMorgan Chase (acct ending 3109) | **CLOSED by bank** Mar. 17, 2026 | NEGATIVE ($1,120.39) |
| Navy Federal Credit Union (acct ending 5732) | Active | $0.27 |
| Navy Federal Credit Union (acct ending 0782) | Active operating | $400.00 |
| **Aggregate cash position** | | **<= $400 / net negative** |

Bank of America corporate accounts (last-4 ending 0174 / 0671) for Plaintiff's wholly-owned operating entity, Starboard Yacht Group, LLC, were **frozen by BofA Legal in May-June 2025**

in connection with collection process by Sinclair / Pollack Law Group, eliminating Plaintiff's last operating cash channel.

1. Plaintiff's monthly earned income is **$0.00**. His only operating company, Starboard Yacht Group, LLC, generated $7.68 million in 2022 revenue and now generates none, for the reasons set forth in Section III. Plaintiff has no salary, no draw, no rental income, and no other income source.

1. Plaintiff supports a six-person household (Plaintiff, spouse, children, and parent) at 545 NE 17th Avenue, Fort Lauderdale, FL 33301, the family residence, which is currently in active mortgage foreclosure (*Navy Federal Credit Union v. Stratmann et al.*, Broward Cir. Ct. CACE-26-001401). Plaintiff's monthly necessary expenses (utilities, food/household, transportation, basic insurance) total approximately **$1,500.00**. Cellular service has been disconnected for nonpayment; gas, water, electricity, and internet remain subject to imminent disconnection.

1. Total liquidated and quantified personal and personal-guaranty debt obligations exceed **$2,005,796.22** (per IFP financial summary verified February 13, 2026). Combined enterprise-level creditor exposure across the Starboard family of entities, much of it personally guaranteed, exceeds **$6,771,312.81** as of May 2, 2026, including:

- SBA / Locality Bank 7(a) -- $2,950,000 secured (felony finding entered Dec. 9, 2025, *Locality Bank v. Stratmann*, COCE-25-012296);

- SBA EIDL #5611798202 -- $1,915,000 secured (default; Treasury offset risk active);

- Navy Federal HELOC -- $504,247.23 (foreclosure);

- TD Bank -- $268,285.28 (default);

- MCA judgments -- Sinclair $326,220 (NY Sup. Ct. Indices 511490_2025 / 511491_2025), Galt $550,000 (NY Sup. Ct. E2025014596).

1. Plaintiff has no liquid or unencumbered non-exempt assets sufficient to satisfy the $405 fee. His residence is in foreclosure; his vessel collateral is the subject of two active law-enforcement criminal investigations (BSO Case 02-2601-000152 and FLPD Case 34-2512-209096) for grand theft against persons connected to the enterprise that is the subject of the related RICO action. Recovery of those vessels and proceeds is conditional on criminal and civil adjudication and cannot be liquidated to pay the filing fee.

1. Payment of the $405 fee would require Plaintiff to surrender substantially all currently available cash ($400 in Navy Federal acct ending 0782) and would directly deprive Plaintiff and his dependents of the necessities of life (food, fuel, medicine, utility continuity). That is the *Adkins* standard. 335 U.S. at 339.

## III. Indigence Is the Direct Result of Defendants' and the Related Enterprise's Conduct (Cascading-Collapse Causation)

1. Plaintiff's inability to pay is not the product of voluntary impoverishment, profligate spending, or asset shielding. It is the direct, foreseeable, and documented result of conduct by the Defendants in this and the related federal RICO action. Plaintiff incorporates by reference, and submits concurrently herewith, the **Declaration of Charles Jacob Stratmann in Support of Inability to Pay (Cascading Collapse)**, which authenticates the following timeline:

a. **2022 baseline.** Starboard Yacht Group, LLC reported $7.68 million in annual revenue; daily-average bank balances exceeded $1,000,000.

b. **June 1, 2024 -- MCA Stacking.** Highland Hill Capital, Sinclair Funding, and Galt Funding initiated stacked Merchant Cash Advance funding causing daily holdbacks consuming 30-50% of SYG gross revenue, destroying working capital.

c. **August-December 2024.** Six successive insurance-cancellation notices on the company GL policy (First Insurance Funding acct 101024230) cascaded directly from MCA cash diversion. Coverage cancelled December 30, 2024.

d. **December 25, 2024.** SHM/Demers Christmas Day notice ("we don't need you anymore") signaled coordinated termination across the related enterprise.

e. **January 1-31, 2025.** Physical lockout from LMC marina; Hayes wire-conversion claim ($229,891.80); SHM "triple strike" -- settlement demand ($238,000), Seakeeper termination, and CMR enterprise filing **on the same day** (January 31, 2025).

f. **February 1, 2025.** Highland Hill Capital deposited $368,000 in unauthorized MCA funds into the SYG BofA operating account **after Plaintiff refused the deal in writing** on February 3, 2025; First Point Funding's Paul Hull later admitted (March 12, 2025) that the funding was unauthorized.

g. **April 4, 2025.** Sinclair Funding filed two NY Supreme Court actions ($160,680 + $165,540 = $326,220) **while settlement was ongoing**, obtaining default judgments later domesticated

against Plaintiff personally.

h. **May 28 - June 2, 2025.** Sinclair / Pollack Law Group caused BofA Legal to **freeze** the SYG operating accounts (last-4 ending 0174 / 0671), eliminating Plaintiff's last operating cash channel.

i. **December 9, 2025.** Felony finding entered against Plaintiff personally in *Locality Bank v. Stratmann*, COCE-25-012296 ($990,000 SBA loan).

j. **January 13, 2026.** Final Rule 58 judgment entered against SYG in *SHM v. SYG*, 0:23-cv-61696-AHS (DE 266) for $119,233.55; CMR default $3,027,994.72.

k. **February 20, 2026. Final Default Judgment of $6,524,783.18** entered against Plaintiff's company in 0:23-cv-61696-AHS (DE 299), accruing per-diem interest of $1,254.19.

l. **February-April 2026.** Vessel asset-stripping investigations open: BSO Case 02-2601-000152 (Det. Vecchio) -- Rick Panero / Ares Marine / SK26 grand theft, $268,800; FLPD Case 34-2512-209096 (Det. Somma) -- Dave Hunter / BlueWater Partners / SK35, $309,000. Combined $577,800 in stolen recovery channels. Steven Ivankovich testified under oath at the February 23, 2026 CMR bench trial (Hon. Raag Singhal) that SK35 is stolen and located in a Fort Lauderdale warehouse.

m. **March 17, 2026.** JPMorgan Chase **closed** Plaintiff's personal account (last-4 3109).

n. **April 16, 2026.** This Court denied IFP (DE 7).

o. **May 1, 2026.** Aggregate cash across all four Plaintiff personal accounts: <= $400.00; net negative.

1. The same conduct that drove Plaintiff to insolvency is the conduct alleged in this action and in *Stratmann v. Ivankovich*, 0:26-cv-61150-PAB. Denying IFP on the present record would permit the alleged wrongdoers to **escape accountability by destroying Plaintiff's ability to prosecute** -- the precise concern animating *Neitzke* and *Adkins*.

## IV. Bankruptcy Backstop -- Pendency and Effect on This Court's Docket

1. Plaintiff respectfully informs the Court that, in parallel with this filing, Plaintiff is completing accounting preparation for a precautionary Chapter 11 (or, in the alternative, Chapter 7) bankruptcy petition. A pre-filing means-test and working-draft schedules (A/B, D, E/F, I, J) have been completed. Headline figures:

- Household size: 6; State: FL; FL Chapter-7 median-income threshold: $115,000; Plaintiff's annualized current monthly income: **$0.00** (below median).

- Schedule D secured claims: **$5,637,532.51** (SBA/Locality $2,950,000 + EIDL $1,915,000 + NFCU HELOC $504,247.23 + TD Bank $268,285.28 + Five Star Bank pending).

- Schedule J monthly necessary expenses: **$1,500.00**; Schedule I monthly income: $0.00; Disposable monthly income: **negative $1,500**.

- Recommended chapter: Chapter 11 (preferred, to preserve federal RICO claims as estate assets under 11 U.S.C. Sec. 1107(a)) or Chapter 7.

1. Plaintiff respectfully discloses this fact for one reason: a forced-bankruptcy filing -- which a second IFP denial would effectively compel -- would trigger the automatic stay under 11 U.S.C. Sec. 362(a)(1) and would suspend further proceedings in this very action. Reconsideration of IFP is the disposition that **preserves this Court's jurisdiction over the merits**; the alternative does not. Plaintiff makes this disclosure not as a threat or strategic positioning but as a candid disclosure of likely consequences material to the Court's IFP analysis.

**V. Requested Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. **Treat this filing as Plaintiff's election under DE 8 paragraph (b)** -- a motion for reassignment in lieu of consent to Magistrate-Judge jurisdiction;

B. **Discharge** the Order to Show Cause (DE 8) as cured by timely compliance;

C. **Reassign** this case to a United States District Judge in accordance with the Court's normal random-assignment procedures;

D. **Reconsider** the denial of *in forma pauperis* status entered April 16, 2026 (DE 7) and grant Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. Sec. 1915 on the ground of inability to pay;

E. **In the alternative**, permit Plaintiff to pay the $405.00 filing fee in installments over a period of not less than twelve (12) months, with the first installment deferred ninety (90) days, on such terms as the Court deems appropriate;

F. **Decline** to impose any sanction, including dismissal, for the curable election defect identified in DE 8 or for the fee posture; and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of May, 2026.

______________________________

**Charles Jacob Stratmann**, *pro se*

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 495-4710

jake@starboardyacht.com / legal@starboardyacht.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2026, I caused a true and correct copy of the foregoing Plaintiff's Corrected Combined Response to Order to Show Cause (DE 8), Notice of Non-Consent to Magistrate-Judge Jurisdiction, Motion for Reassignment, and Motion to Reconsider Denial of In Forma Pauperis Status (DE 7), together with the supporting Declaration and Proposed Order, to be filed with the Clerk of the Court for the Southern District of Florida and served on all counsel and parties of record by the Court's CM/ECF system. To the extent any party is not registered for CM/ECF, service was effected by U.S. mail or electronic mail at the address(es) on file. As of the date of this filing, no Defendant has appeared and no summons has issued.

______________________________

**Charles Jacob Stratmann**, *pro se*

Dated: May 5, 2026