**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE No. 26-CV-61001-ARTAU/STRAUSS**

**CHARLES JACOB STRATMANN,**

Plaintiff,

v.

**MADISON INDUSTRIES, INC.,**
**SEAKEEPER, INC.,** and **JOHN DOES 1-10,**

Defendants.

**DEFENDANTS' MOTION TO QUASH OR STRIKE WAIVERS OF SERVICE**

Defendants Madison Industries, Inc. and Seakeeper, Inc. respectfully request that the Court quash or strike the waivers of service filed by Plaintiff Charles Jacob Stratmann (Docs. 23, 24). This relief is warranted because Stratmann failed to properly request that Defendants waive service under Rule 4, rebuffed and ignored Defendants' offers to waive service, and then filed waivers of service after the Court's service deadline. In further support, Defendants state as follows:

**INTRODUCTION**

Defendant Seakeeper manufactures both marine gyro and interceptor stabilizers. (Doc. 1 ¶ 7). Defendant Madison Industries is Seakeeper's parent company. (*Id.* ¶ 6). Stratmann's company, Starboard Yacht Group, LLC "SYG")—and not Stratmann individually—was an authorized Seakeeper dealer. (*See e.g.*, *id.* ¶¶ 2, 7, 13–15). But Seakeeper terminated SYG's Dealer Agreements. (*Id.* ¶ 31). Disgruntled, Stratmann now alleges that before SYG's termination, he developed "through SYG" a methodology for selling gyro stabilizers and interceptor stabilizers as a pair, rather than offering the stabilizers as alternatives, and that Defendants were involved in a sprawling conspiracy to exploit their relationship with SYG and launch a competing product,

Seakeeper Ride. (*Id.* ¶¶ 16–30). Stratmann sues both Seakeeper and Madison Industries, claiming misappropriation of trade secrets under the Florida Uniform Trade Secret Act, Florida Statute § 688.001 et seq. ("FUTSA") and the Defend Trade Secrets Act, 18 U.S.C. §1836 et seq. ("DTSA") (Counts I & II); violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") (Counts III & IV); tortious interference (Count V); violations of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute, § 501.201 et seq. ("FDUTPA") (Count VI); unjust enrichment (Count VII); and fraudulent concealment (Count VIII).

But Stratmann's Complaint never got off the ground. Stratmann filed this action on April 6, 2026. (Doc. 1). Stratmann has repeatedly failed to properly serve or obtain waivers of service from Defendants. On April 6, 2026, Stratmann filed a Notice of a Lawsuit and Request to Waive Service of a Summons form for each Defendant (Docs. 4, 5) but did not serve these forms on Defendants. On July 2, 2026, Stratmann moved for 60 additional days to complete service. (Doc. 20). The Court granted his motion, setting an August 23, 2026, deadline. (Doc. 22).

On July 2, 2026, Stratmann made several deficient attempts at service or obtaining waivers from Defendants. Stratmann mailed an unissued summons and the Complaint to Seakeeper's registered agent. *See* Declaration of Traci T. McKee in Support of Motion to Quash or Strike ("McKee Decl.") ¶ 3 (attached as Exhibit A). That same day, Stratmann emailed Seakeeper's Chief Financial Officer and Madison Industries' Chief Executive Officer. McKee Decl. ¶¶ 4–5. In these emails, Stratmann requested that Defendants waive service, but he attached only a copy of the Complaint, an unissued summons, and one entirely blank AO 399 Waiver of the Service of Summons form. *Id.*

On July 10, 2026, Stratmann and Defendants exchanged several emails. Stratmann first emailed Madison Industries' Chief Executive Officer requesting a waiver of service. *Id.* ¶ 6.

Stratmann asked that Madison Industries disregard his prior waiver request. Stratmann requested that Madison Industries execute and return the "attached waiver form," but Stratmann attached only a summons to his email. Counsel for Defendants responded to Stratmann and explained that his prior attempts at service were ineffective (because he had failed to serve an issued summons and attempted service by mail) and his prior requests for waiver were ineffective (because he failed to attach a proper waiver of service form or the other required forms pursuant to Federal Rule of Civil Procedure 4(d)). *Id*. ¶ 7. Nonetheless, Defendants offered to waive service, asked Stratmann to "confirm [his] authorization to file these waivers with the Court," and asked that Stratmann communicate with counsel, not Defendants directly. *Id*.

Stratmann then emailed Madison Industries' Chief Executive Officer a second time on July 10, 2026. *Id*. ¶ 8. Stratmann asked that Madison Industries disregard his previous waiver request. Stratmann requested waiver of service again and purported to attach to his email a summons, the Complaint, an AO 398 Notice of a Lawsuit and Request to Waive Service of Summons, and an AO 399 Waiver of the Service of Summons form. *Id*. Stratmann instead attached only a summons. *Id*. Counsel for Defendants again responded to Stratmann. *Id*. ¶ 9. Counsel reattached the proposed waivers of service and again asked that Stratmann refrain from communicating directly with Defendants. *Id*.

On July 22, 2026, counsel for Defendants spoke with Stratmann on the telephone to try and sort out the confusion regarding Stratmann's failed service attempts. *Id*. ¶ 10. Counsel explained that neither Defendant had been properly served, and Stratmann agreed. *Id*. Counsel questioned why Stratmann had failed to respond to Defendants' offer to waive service, and Stratmann responded that he could instead serve Defendants, making their response due in 21 days rather than 60 days. *Id*. The next day, counsel emailed Stratmann and confirmed that neither Defendant

had been properly served. *Id*. ¶ 11. Counsel again offered to waive service, attached proposed waivers, and asked that if Stratmann approved of the waivers that he "please advise us and file them with the Court." *Id*. Stratmann never responded. *Id*. ¶ 12.

Stratmann's service deadline in this action came and went on August 23, 2026. By that date, Stratmann had failed to serve Defendants, failed to properly request waiver of service under Rule 4, failed to accept Defendants' proposal to waive service, and failed to file any proof of service or executed waiver. Defendants reasonably believed that Stratmann had abandoned this action as duplicative of his "intervenor" claims against Seakeeper filed in the District of Maryland.[1]

But on September 17, 2026—25 days after this Court's service deadline and 164 days after filing this action in the Southern District of Florida—Stratmann filed executed waivers of service for each Defendant. (Docs. 23, 24). The filed waivers are the waivers Stratmann rebuffed and then ignored two months earlier. The waivers, if effective, set a September 8, 2026, deadline for Defendants to respond to the Complaint. (*Id*. (requiring a response within 60 days of July 10, 2026)). As discussed below, the Court should quash or strike these waivers.

**<u>ARGUMENT</u>**

Stratmann failed to timely serve Defendants in this action, rebuffed Defendants' offer to waive service, and only later filed waivers after missing his already-extended service deadline.

[1] On April 3, 2026, Seakeeper filed an action in the District of Maryland against SYG alleging breach of contract and trademark infringement. *See Seakeeper, Inc. v. Starboard Yacht Group, LLC*, No. 1:26-cv-01332-MJM (D. Md.). The Maryland action centers around SYG's termination as a Seakeeper Dealer, the same act animating this lawsuit. Stratmann moved to intervene to file claims in the Maryland Action, and those claims largely parallel his claims asserted here. *See id.* at ECF 16, 67. The court permitted Stratmann to intervene, and Seakeeper has moved to dismiss Stratmann's claims in the Maryland action with prejudice. *Id.* at ECF 75, 80.

This was not an innocent mistake by a *pro se* litigant.[2] Stratmann made a calculated decision not to accept Defendants' offers to waive service (in an attempt to shorten their response deadline). Stratmann then decided to wait until more than 60 days elapsed from Defendants' offer to waive service before filing the waivers (in an attempt to render any response by Defendants untimely). But because Stratmann never accepted Defendants' waivers and then missed the Court's service deadline, his strategy has backfired. The Court should quash or strike the waivers of service. (Docs. 23, 24).

While the Federal Rules do not explicitly reference motions to quash, this Court has recognized its power to quash service. *Vellar Holdings LLC v. USMPO LLC*, No. 25-CV-80042, 2025 WL 2096966, at *2 (S.D. Fla. July 25, 2025). Similarly, the Court has inherent authority to strike filings on its docket. *See Fisher v. Whitlock*, 784 F. App'x 711, 712 (11th Cir. 2019) (affirming district court order striking a motion). This includes the authority to strike an improper waiver of service. *See Samuels v. Allgood Manor Assistant Home Inc.*, No. 1:22-CV-00785-ELR, 2022 WL 22980649, at *3 (N.D. Ga. July 20, 2022) (striking a waiver that misrepresented the date of plaintiff's waiver request). The Court should quash or strike the waivers of service here.

## I. Stratmann failed to follow Rule 4's procedural requirements and then rebuffed Defendants' offer to waive service.

Stratmann failed to properly request that Defendants waive service under Rule 4 and then rebuffed and ignored Defendants' offers to waive service. Under these circumstances, the Court

[2] Stratmann and his company are repeated players in this Court. *See Stratmann v. Ivankovich, et al.*, No. 0:26-cv-61150-PAB (S.D. Fla.); *Stratmann v. Bank of America*, No. 0:26-cv-61090-WPD (S.D. Fla.); *Seacoast National Bank v. Starboard Yacht Group LLC, et al.*, No. 0:26-cv-60289-WPD (S.D. Fla.); *Locality Bank v. Starboard Yacht Group, LLC, et al.* No. 0:26-cv-60068-AHS (S.D. Fla.); *Heron Enterprises, LLC v. Starboard Yacht Group, LLC, et al.*, No. 0:25-cv-61374-EA (S.D. Fla.); *Vivere Adventures, Ltd. v. Starboard Yacht Group, LLC*, No. 0:25-cv-61065-WPD (S.D. Fla.); *Starboard Yacht Group, LLC v. Contessa Marine Research, LLC*, No. 0:23-cv-61696-AHS (S.D. Fla.).

should find that Defendants never formally waived service of process under Rule 4.

Rule 4 provides the framework for waiver of service. Under that Rule, a plaintiff may notify the defendant that an action has been filed and "request that the defendant waive service of the summons." Fed. R. Civ. P. 4(d). The request must satisfy several procedural requirements, including that the request be in writing and be accompanied by various other items (a copy of the complaint, two copies of the waiver form appended to Rule 4, and prepaid means for returning the form). Fed. R. Civ. P. 4(d)(1)((A)–(G). A request that does not satisfy these requirements is insufficient to support a waiver of service. *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (affirming dismissal of *pro se* party's complaint for failure to serve because, among other grounds, his request for waiver was not addressed to the defendant's authorized agent and provided only one copy of the waiver form).

Here, Stratmann never followed Rule 4's procedure for obtaining a waiver of service. Stratmann withdrew several of his email requests for waivers of service. McKee Decl. ¶¶ 6, 8. Regardless, none of his email requests for waivers, directed to executive officers of Defendants, included a proper waiver of service form and the other required forms pursuant to Federal Rule of Civil Procedure 4(d). *Id*. ¶¶ 4–8. After Stratmann repeatedly failed to request a waiver, Defendants proactively offered to waive service multiple times. *Id*. ¶¶ 7, 9, 10, 11. But Stratmann rebuffed these offers. *Id*. ¶ 10. Stratmann stated that he instead preferred to serve Defendants so that they would have a shorter, 21-day response deadline. *Id*. Defendants then offered to waive service again, but Stratmann never responded. *Id*. ¶ 11. Under these circumstances, the Court should find that no formal waiver of service occurred and strike the waivers of service from the docket (Docs. 23, 24).

**II. Stratmann failed to timely file the waivers by the service deadline.**

Even if the Court somehow finds that Stratmann satisfied Rule 4's procedural requirements or accepted Defendants' offers to waive service, the Court should still quash or strike the waivers as untimely filed. The Court granted Stratmann a 60-day extension of time to serve Defendant and set an August 23, 2026, service deadline. (Doc. 22). Stratmann did not file the waivers until September 17, 2026, 25 days later. (Docs. 23, 24). The Court should enforce its Order and hold that Stratmann failed to timely effectuate service, by waivers or otherwise.

The filing of a waiver of service is necessary to *effectuate* a waiver of service and is not merely a way of *proving* waiver. This is apparent from the language of Rule 4. Rule 4 provides that "[w]hen the plaintiff files a waiver, proof of service is not required *and these rules apply as if a summons and complaint has been served at the time of filing the waiver*." Fed. R. Civ. P. 4(d)(4) (emphasis added). Similarly, Rule 4 repeatedly exempts defendants whose "waiver *has been filed*," when describing the manner in which certain defendants may be served. *See* Fed. R. Civ. P. 4(e), (f), (h) (emphasis added). And the form appended to Rule 4 similarly states: "If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed[.]" (Doc. 4 at 2; Doc. 5 at 2).

For these reasons, courts have applied the plain text of Rule 4 and held that a formal waiver of service does not occur until the plaintiff files the waiver of service. *See Davis v. Liese*, 353 F. App'x 95, 98 (10th Cir. 2009) ("Rule 4(d) requires that the waiver be executed by the defendant, returned to the plaintiff, and filed with the court. *Formal service is excused only upon the filing of the executed waiver.*") (emphasis added); *United States v. Coldwell Banker Bullard Realty Co., Inc.*, No. 1:08-CV-3427-MHS, 2009 WL 10664944, at *4 (N.D. Ga. July 22, 2009) ("In fact, the mere existence of FED. R. CIV. P. 4(d)(4), which establishes that service is considered effected at the time of the filing of the waiver of service with the district court, suggests that the Federal Rules

envision that the timing requirements of Rule 4(m) continue to apply to a plaintiff who has secured a waiver of service."); *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 159 (D. Conn. 2012) ("Here, plaintiffs did not file the waiver of service form and therefore never formally completed the procedure contemplated under Rule 4(d)."); *Bouchard v. DHL Exp. (USA), Inc.*, No. 3:09-CV-01222 CSH, 2012 WL 32953, at *1 (D. Conn. Jan. 6, 2012) (holding plaintiff's claims time-barred because service was not effective until the waiver was filed and plaintiff filed the waiver after the statute of limitations had run).

Here, Stratmann did not file the waivers of service by the service deadline and thus failed to timely effectuate service. The Court granted Stratmann a 60-day extension of time, until August 23, 2026, to serve Defendants. Yet Stratmann did not file the waivers of service until September 17, 2026—25 days after the deadline. Stratmann did not seek a second extension, much less establish good cause and excusable neglect to extend the service deadline a second time (to 164 days after the filing of the Complaint). *See Harris v. Orange S.A.*, 636 F. App'x 476, 486 (11th Cir. 2015) (affirming dismissal because the plaintiff failed to establish excusable neglect for her failure to timely serve defendants); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (holding a district court may deny a request to extend the service deadline if the plaintiff fails to establish good cause and other factors do not support an extension). Nor can he. Stratmann has been in possession of Defendants' proposed waivers of service since July 10, 2026. He cannot justify ignoring Defendants' offer and then strategically waiting more than 60 days (and until nearly a month after the service deadline) to apparently accept that offer and file the waivers. *See Butts v. Cnty. of Volusia*, 222 F.3d 891, 892 n.2 (11th Cir. 2000) (holding that a party cannot establish good cause for delay caused by the party's "strategic decision"). His failure is compounded further by the fact that the Court *already* granted him a 60-day extension. *See*

*Johnson v. Proctor*, 620 F. App'x 890, 891 (11th Cir. 2015) (affirming dismissal for failure to timely serve after the district court had already granted one extension of time).

And Defendants' execution of the waivers in July—again, as an offer which was rebuffed—does not prevent Defendants from challenging Stratmann's filings as untimely. *See Coldwell Banker*, 2009 WL 10664944, at *4 ("Accordingly, even though waiving service of process eliminates a defendant's objection to the sufficiency of the actual service of process, the defendant may still . . . object[] to the way the plaintiff has sought to obtain a waiver of service of process."). Timeliness matters here. If the Court finds that the waivers are effective, then Defendants' deadline to respond to the Complaint already lapsed on September 8, 2023. Had Stratmann filed the waivers prior to the August 23, 2026, service deadline, then Defendants would have had a chance to timely respond to the Complaint without risk of default. Thus, Stratmann's failure to comply with the service deadline has prejudiced Defendants.

Stratmann's gamesmanship and failure to follow Court orders is nothing new. In one case, this Court found that Stratmann's company "SYG has ignored this Court's orders to pay and this Court's deadlines on numerous occasions. This Court has zero confidence that SYG would respond to any other sanctions. Indeed, SYG plays by its own rules. To the extent one's word in their bond, SYG's bond is worthless." ECF 266 at 6, *Starboard Yacht Group, LLC v. Contessa Marine Research, LLC,* No. 0:23-cv-61696-AHS (S.D. Fla. Jan. 13, 2026). In another case, Stratmann offered hallucinated case citations to this Court. *See* ECF 79 at 2, *Seacoast National Bank v. Starboard Yacht Group LLC, et al.*, No. 0:26-cv-60289-WPD (S.D. Fla. June 23, 2026). And, in this case, the Court has already found some of Plaintiff's representations to the Court to "strain[]

credulity[.]" (Doc. 7 at 2). The Court should recognize Stratmann's gamesmanship here, enforce its Orders, and hold Stratmann to the Court imposed deadline for service.[3]

### III. In the alternative, Defendants request an extension of time to respond to the Complaint.

If the Court finds that Stratmann's conduct somehow complied with Rule 4 and this Court's service deadline, then Defendants request that the Court extend Defendants' deadline to respond to the Complaint to 30 days after the Court's ruling on this motion. As discussed above, if the waivers of service are found to be effective, then Defendants' response deadline lapsed on September 8, 2026. (*See* Docs. 23, 24 (requiring a response within 60 days of July 10, 2026)). But Stratmann rebuffed and then ignored Defendants' offers to waive service. And Defendants were not aware that Stratmann intended to file the waivers of service until the Clerk docketed his September 17, 2026, filings, on September 18, 2026. Defendants then promptly filed this motion two Court days later. Defendants did not delay in seeking this relief, Stratmann's actions were outside of Defendants' control, and Defendants have acted in good faith. Under these circumstances, good cause and excusable neglect supports an extension of time to respond to the Complaint. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *Tyagi v. Melpignano*, No. 1:24-CV-21006-JLK, 2025 WL 1881253, at *3 (S.D. Fla. Feb. 6, 2025) (explaining that relevant factors under Rule 6 include the danger of prejudice to the opposing party, the length of delay, the reasons for delay,

---

[3] By moving to quash or strike the waivers of service, Defendants do not waive, and hereby expressly preserve, their arguments for dismissal in this action, including that Stratmann lacks standing, that this Court lacks personal jurisdiction over Madison Industries, and that Stratmann fails to state a claim.

whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith).

**<u>CONCLUSION</u>**

The Court should quash or strike the waivers of service. Stratmann disregarded Rule 4, Defendants, and the Court. Stratmann repeatedly failed to serve Defendants and never followed the waiver procedures outlined in Rule 4. Defendants offered to waive service multiple times, but Stratmann rebuffed and then ignored Defendants' offers. And then Stratmann violated this Court's Order by filing the waivers of service 25 days after the deadline. These actions were strategic, not oversight. Under these circumstances, the Court should find that Defendants never formally waived service, or at least that Stratmann failed to timely file the waivers, and quash or strike the waivers of service. Alternatively, Defendants request that the Court provide Defendants with 30 additional days from the date of its Order to respond to the Complaint.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel certifies that on September 22, 2026, counsel for Defendants conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised. Counsel spoke with Stratmann on the telephone, and Stratmann represented that he opposes this Motion.

Dated: September 22, 2026

*/s/ Traci T. McKee*

Traci T. McKee, Fla. Bar. No. 53088
Blake D. Bachman, Fla. Bar No. 1040691
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com
blake.bachman@faegredrinker.com

*Attorneys for Madison Industries, Inc. and Seakeeper, Inc.*

## CERTIFICATE OF SERVICE

I, Traci McKee, hereby certify that on September 22, 2026, I filed the foregoing via the Court's ECF system and also served the following via United States mail:

Charles Jacob Stratmann
850 NE 3rd Street
Suite 208
Dania Beach, FL 33004

/s/ *Traci T. McKee*