# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE No. 26-CV-61001-ARTAU/STRAUSS**

**CHARLES JACOB STRATMANN**,

Plaintiff,

v.

**MADISON INDUSTRIES, INC.**, **SEAKEEPER, INC.**, and **JOHN DOES 1-10**,

Defendants.

**DECLARATION OF TRACI T. MCKEE**
**IN SUPPORT OF MOTION TO QUASH OR STRIKE WAIVERS OF SERVICE**

I, Traci T. McKee, declare as follows:

1. I serve as counsel for Defendants Madison Industries, Inc. and Seakeeper, Inc.

2. This Declaration is based upon my personal knowledge and my review of records maintained by my law firm, Faegre Drinker Biddle & Reath LLP, and is being submitted in support of Defendants' Motion to Quash or Strike Waivers of Service. If called to do so, I could and I would testify competently to the matters set out below.

3. On July 2, 2026, Plaintiff Charles Jacob Stratmann ("Stratmann") mailed an unissued summons and a copy of the Complaint to Seakeeper's registered agent by United States Postal Service Priority Mail.

4. On July 2, 2026, Stratmann emailed Seakeeper's Chief Financial Officer (a/k/a Chief Commercial Officer). In that email, Stratmann requested that Seakeeper waive service. Stratmann attached the Complaint, an unissued summons, and one entirely blank AO 399 Waiver of the Service of Summons form.

5. On July 2, 2026, Stratmann emailed Madison Industries' Chief Executive Officer. In that email, Stratmann requested that Madison waive service. Stratmann attached the Complaint, an unissued summons, and one entirely blank AO 399 Waiver of the Service of Summons form.

6. On July 10, 2026, Stratmann emailed Madison' Industries' Chief Executive Officer. Stratmann asked that Madison Industries disregard his previous waiver request. Stratmann requested that Madison Industries execute and return the "attached waiver form," but Stratmann's email attached only a summons.

7. On July 10, 2026, Elizabeth Wurm, counsel for Defendants in a related case between the parties in Maryland, emailed Stratmann, copying me. Counsel explained that Stratmann's prior attempts at service were ineffective because, among other reasons, Stratmann failed to serve an issued summons and attempted service by mail. Counsel explained that Stratmann's prior requests for waiver were ineffective because, among other reasons, Stratmann failed to attach a proper waiver of service form or the other required forms pursuant to Federal Rule of Civil Procedure 4(d). Nonetheless, counsel offered to waive service on behalf of Defendants and asked that Stratmann "confirm [his] authorization to file these waivers with the Court." Counsel asked that Stratmann refrain from communicating directly with Defendants.

8. On July 10, 2026, Stratmann again emailed Madison Industries' Chief Executive Officer, asked that Madison Industries disregard his previous waiver request, and asked that Madison waive service. Stratmann purported to attach a summons, the Complaint, an AO 398 Notice of a Lawsuit and Request to Waive Service of Summons, and an AO 399 Waiver of the Service of Summons form, but he attached only a summons.

9. On July 10, 2026, counsel for Defendants, Elizabeth Wurm, again emailed Stratmann, copying me. Counsel reattached the proposed waivers of service and again asked that Stratmann refrain from communicating directly with Defendants.

10. On July 22, 2026, I spoke with Stratmann on the telephone. I stated that Stratmann had not properly served either Defendant to date. And I asked Stratmann why he had not responded to Defendants' offer to waive service. Stratmann agreed that he had not properly served Defendants to date. Stratmann also stated that, rather than accept the waivers of service and provide Defendants 60 days to respond, he may choose to serve Defendants and require them to respond to the Complaint within 21 days. Stratmann did not accept Defendants' offer to waive service or state that he would file the proposed waivers.

11. On July 23, 2026, I emailed Stratmann as a follow up to our call. I recounted that Stratmann had agreed that neither Defendant had been properly served. I repeated Defendants' offer to waive service and attached updated proposed waivers of service dated July 23, 2026. I asked that Stratmann advise whether he accepted the waivers and, if so, that he file them with the Court. I reiterated that he should refrain from communications with our clients and instead direct all communications to our firm. A copy of the July 23, 2026 email to Stratmann, with attached proposed waivers, is attached as **Exhibit A-1**.

12. Since the July 23, 2026, email, Stratmann has not contacted me, other counsel for Defendants, or Defendants regarding their offer to waive service of process in this action.

13. On September 17, 2026—25 days after the deadline set by the Court to effectuate service (Doc. 22)—Stratmann filed Defendants' prior, previously-rejected proposed waivers of service.

14. Our law firm was first alerted that Stratmann filed the previously-rejected proposed waivers of service after business hours on Friday, September 18, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2026.

Respectfully submitted,

Traci McKee

Traci T. McKee

# EXHIBIT A-1

**Catena, Amy L.**

**From:** McKee, Traci T.
**Sent:** Thursday, July 23, 2026 12:03 PM
**To:** Jake Stratmann
**Cc:** Wurm, Elizabeth A.
**Subject:** FW: Stratmann v. Madison Industries, Inc. and Seakeeper, Inc., 26-cv-61001 (S.D. Fla.) - Executed Waivers of Service of Summons
**Attachments:** Stratmann v. Madison Industries Inc. and Seakeeper Inc. 26-cv-61001 - Waiver of Service - Madison Industries_ (7.23.2026 Service date).pdf; Stratmann v. Madison Industries Inc. and Seakeeper Inc. 26-cv-61001 - Waiver of Service - Seakeeper Inc_ (7.23.2026 Service date).pdf

Mr. Stratmann,
This email is in follow-up to our call yesterday afternoon. As we discussed and you agreed, neither Seakeeper nor Madison Industries have been properly served in this lawsuit (Case no. 26-cv-61001 (S.D. Fla.)). My clients will agree to waive formal service of process through the attached waivers which provide 60 days from today to respond to the Complaint (without waiver of all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action). I understand from our call yesterday that you have not decided whether to accept the waivers or to retain a process server to properly serve my clients sometime in the future. But as of today's date, neither have been properly served.

If you approve of the attached waivers, please advise us and file them with the Court.

As stated below, **please refrain from communications with our clients and instead direct all communications to our firm**.

Thank you.

**Traci T. McKee**
Partner
traci.mckee@faegredrinker.com
Connect: vCard

+1 239 286 6910 direct / +1 239 910 1291 mobile

**Faegre Drinker Biddle & Reath LLP**
1500 Jackson Street, Suite 201
Ft. Myers, FL 33901, USA

---

**From:** Wurm, Elizabeth A. <elizabeth.wurm@faegredrinker.com>
**Sent:** Friday, July 10, 2026 10:39 PM
**To:** Jake Stratmann <jake@starboardyacht.com>
**Cc:** McKee, Traci T. <traci.mckee@faegredrinker.com>
**Subject:** Stratmann v. Madison Industries, Inc. and Seakeeper, Inc., 26-cv-61001 (S.D. Fla.) - Executed Waivers of Service of Summons

Mr. Stratmann:

We are again confirming receipt of your most recent correspondence to Mr. Gies this evening requesting Madison Industries, Inc.'s waiver of service in the above-captioned action. As we previously confirmed, we have executed signed waivers of service for both Seakeeper, Inc. and Madison Industries, Inc., which we have reattached for

convenience. **Please refrain from further communications with our clients and instead direct all communications to our firm**.

Regards,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*
elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Wurm, Elizabeth A.
**Sent:** Friday, July 10, 2026 1:44 PM
**To:** Jake Stratmann <jake@starboardyacht.com>
**Cc:** McKee, Traci T. <traci.mckee@faegredrinker.com>
**Subject:** Stratmann v. Madison Industries, Inc. and Seakeeper, Inc., 26-cv-61001 (S.D. Fla.) - Executed Waivers of Service of Summons

Dear Mr. Stratmann,

Along with my colleague Traci McKee, also of Faegre Drinker, I represent Seakeeper and Madison Industries, Inc. in the above-captioned matter pending in the United States District Court for the Southern District of Florida. We have received your request to waive service of summons for both defendants. Please note the following:

1. Please immediately refrain from any further communication with Mr. Gies or any employee or representative of Seakeeper, Inc. or Madison Industries, Inc. **You should instead direct all communications regarding this matter to me and Traci McKee, as their attorneys**.
2. Your prior correspondence purporting to serve requests for waivers of service on Madison Industries, Inc. and Seakeeper, Inc. were ineffective because they did not contain summonses signed by the clerk. Additionally, the correspondence transmitted to Madison Industries, Inc. with a signed summons this morning, July 10, did not include a waiver of service or the other required forms pursuant to Federal Rule of Civil Procedure 4(d).
3. Any other prior attempts at service on Seakeeper, Inc. are similarly ineffective because the summons was unsigned and a complaint cannot be validly served in Florida by Certified Mail.

**Nevertheless, in the spirit of cooperation, Seakeeper, Inc. and Madison Industries, Inc. will agree to waive service as if the requests to waive service were properly sent as of today, June 10, 2026, with any answer or responsive pleading due 60 days from today. Attached are the executed waivers of service of summons. Please confirm your authorization to file these waivers with the Court.**

As previously noted, please direct any future communications solely to Faegre Drinker.

Sincerely,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*

elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Charles Jacob Stratmann,<br>*Plaintiff*<br>v.<br>Madison Industries, Inc., Seakeeper, Inc.,<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 26-cv-61001-EA |

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles Jacob Stratmann, 545 NE 17th Ave, Fort Lauderdale, FL 33301
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/23/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/23/2026

[signature]
*Signature of the attorney or unrepresented party*

Madison Industries, Inc.
*Printed name of party waiving service of summons*

Elizabeth A. Wurm
*Printed name*

2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
*Address*

elizabeth.wurm@faegredrinker.com
*E-mail address*

(612) 766-1830
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Charles Jacob Stratmann
*Plaintiff*
v.
Madison Industries, Inc., Seakeeper, Inc.
*Defendant*

Civil Action No. 26-cv-61001-EA

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles Jacob Stratmann, 545 NE 17th Ave, Fort Lauderdale, FL 33301
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/23/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/23/2026

*Signature of the attorney or unrepresented party*

Seakeeper, Inc.
*Printed name of party waiving service of summons*

Elizabeth A. Wurm
*Printed name*

2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
*Address*

elizabeth.wurm@faegredrinker.com
*E-mail address*

(612) 766-1830
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.