Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com
Pro Se, Individually

FILED BY VB D.C.
SEP 22 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| CHARLES JACOB STRATMANN,<br><br>Plaintiff,<br>v.<br>MADISON INDUSTRIES, INC., and<br>SEAKEEPER, INC., Defendants. | CASE NO. 0:26-cv-61001-EA<br><br>Judge Ed Artau<br>Magistrate Judge Jared M. Strauss |

**PLAINTIFF'S APPLICATION FOR CLERK'S ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(a)**

TO THE CLERK OF COURT:

Plaintiff Charles Jacob Stratmann, proceeding pro se, respectfully applies for entry of default by the Clerk against Defendants Madison Industries, Inc. and Seakeeper, Inc. pursuant to Federal Rule of Civil Procedure 55(a) and S.D. Fla. Local Rule 7.1(a)(1)(D), on the ground that each Defendant has failed to plead or otherwise defend this action within the time allowed by law. In support, Plaintiff states:

1. Plaintiff filed the operative Complaint on April 6, 2026. [DE 1]

2. On July 1, 2026, the Clerk issued summonses as to both Defendants [DE 21], and on July 2, 2026, this Court extended the deadline to effectuate service to August 23, 2026. [DE 22]

3. On July 10, 2026, counsel for Defendants transmitted executed Waiver of the Service of Summons forms (AO 399) on behalf of both Defendants, expressly agreeing that Defendants "will agree to waive service as if the requests to waive service were properly sent as

of today . . . with any answer or responsive pleading due 60 days from today." (Declaration of Charles Jacob Stratmann, ¶4, Ex. C.)

4. Plaintiff filed the executed waivers with the Court on September 17, 2026. [DE 23 (Madison Industries, Inc.); DE 24 (Seakeeper, Inc.)] Under Rule 4(d)(4), upon that filing the action proceeds "as if a summons and complaint had been served at the time of filing the waiver." The docketed waivers record that each waiver request was sent on July 10, 2026, and that each Defendant's response/answer was due September 8, 2026. [DE 23, DE 24]

5. Under Federal Rule of Civil Procedure 4(d)(3), a defendant that timely returns a waiver "is not required to serve an answer to the complaint until 60 days after the request for waiver was sent." Sixty days after July 10, 2026 is September 8, 2026 — the same deadline recorded on the face of the docketed waivers.

6. Even under the alternative computation proposed by defense counsel — sixty days from the date of execution on July 23, 2026 — the response deadline expired September 21, 2026.

7. As of the date of this Application, neither Defendant has served or filed an answer, a motion under Rule 12, a notice of appearance, or any other response to the Complaint. The docket contains no filing by or on behalf of either Defendant. (Decl. ¶7, Ex. D.)

8. Each Defendant has therefore failed to plead or otherwise defend within the time allowed, and entry of default is proper under Rule 55(a).

Plaintiff respectfully requests that the Clerk enter default against Defendant Madison Industries, Inc. and Defendant Seakeeper, Inc. A supporting declaration under 28 U.S.C. § 1746 and a proposed Clerk's Entry of Default are attached.

Respectfully submitted,

/s/ Charles Jacob Stratmann
CHARLES JACOB STRATMANN
Pro Se, Individually
545 NE 17th Avenue
Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Dated: September 22, 2026