Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com
Pro Se, Individually

FILED BY VB D.C.
OCT 02 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CHARLES JACOB STRATMANN,

Plaintiff, CASE NO. 0:26-cv-61001-EA

v. Judge Ed Artau

MADISON INDUSTRIES, INC., and Magistrate Judge Jared M. Strauss

SEAKEEPER, INC.,

Defendants.

_________________________________/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH OR STRIKE WAIVERS OF SERVICE**

Plaintiff Charles Jacob Stratmann, proceeding pro se, respectfully opposes Defendants' Motion to Quash or Strike Waivers of Service (D.E. 26). Defense counsel transmitted waiver materials to Plaintiff on three separate occasions and twice expressly described the forms as "executed" waivers; the third transmission supplied replacement waiver materials and asked for approval and filing. Plaintiff filed the executed forms on September 17, 2026. (D.E. 23, 24.) The written record — most of it authored by Defendants' own counsel — shows repeated notice, repeated waiver tenders, and no revocation. If the Court concludes the filing did not timely complete service under Rule 4(d)(4), the discretionary factors under Rule 4(m) strongly favor a curative extension with a fresh, Court-set response deadline — not striking executed waivers signed by represented, sophisticated defendants.

## I. STATEMENT OF FACTS — THE COMPLETE WAIVER RECORD

The motion tells the Court that Plaintiff "rebuffed and ignored" Defendants' offers to waive service. (D.E. 26 at 2, 6.) The written record says otherwise. An exhibit chart cataloging each transmission, its quoted language, and its attachments accompanies this opposition as Exhibit A.

**July 2, 2026 — the Rule 4(d) requests.** Plaintiff emailed waiver requests to Seakeeper's CFO Will Cimino and Madison's CEO Larry Gies, attaching the filed complaint, a summons, and the AO 399 waiver form, and mailed the complaint and a summons to Seakeeper's registered agent by USPS Priority Mail the same day. (McKee Decl. ¶¶ 3–5, D.E. 26-1.) Both outbound messages are preserved in Plaintiff's mailbox and their attachment inventories are verified against the server-stored copies. Defendants' counsel Traci McKee was copied on the Seakeeper request — she has been in this chain from the first day.

**July 10, 2026, 2:43 PM — Defendants' counsel executes and transmits the waivers.**

Elizabeth Wurm of Faegre Drinker wrote: "We have received your request to waive service of summons for both defendants," identified defects, and stated:

> "Nevertheless, in the spirit of cooperation, Seakeeper, Inc. and Madison Industries, Inc. will agree to waive service as if the requests to waive service were properly sent as of today, June 10, 2026 [sic — July 10, 2026], with any answer or responsive pleading due 60 days from today. Attached are the executed waivers of service of summons. Please confirm your authorization to file these waivers with the Court."

(Ex. 3.) Both attached AO 399 forms were fully completed and signed. (Ex. 6, 7; D.E. 23, 24.)

Counsel's transmittal expressly waived the very request defects Defendants now resurrect — "as if the requests to waive service were properly sent." The filed waivers (D.E. 23, 24) are those July 10 instruments: each states on its face "60 days from 07/10/2026."

**July 10, 2026, 5:24 PM — Plaintiff re-sends corrected waiver requests the same day.** The July 2 transmission had carried an incorrect summons; Plaintiff transmitted corrected summons packages — captioned "FINAL AND OPERATIVE" — to both defendants, each carrying the court-sealed summons dated July 9 (D.E. 26-1 reflects Defendants' characterization of these transmissions; the parties dispute the full attachment inventory, and Plaintiff's own sent-mail record shows each email attached the sealed summons PDF). The record shows the July 2 transmission supplied the complaint, waiver forms, and a summons, and the July 10 transmission supplied the corrected court-sealed summons — both before Defendants executed and returned the waivers.

**July 10, 2026, 10:39 PM — counsel reconfirms and retransmits.** Ms. Wurm: "As we previously confirmed, we have executed signed waivers of service for both Seakeeper, Inc. and Madison Industries, Inc., which we have reattached for convenience." (Ex. 4.)

**July 22–23 — the phone call and the third transmission.** Traci McKee emailed a second set of executed waivers dated July 23: "My clients will agree to waive formal service of process through the attached waivers which provide 60 days from today to respond to the Complaint." (D.E. 26-1 at 7–11; Ex. 5.) Ms. McKee's own contemporaneous writing contradicts the "rebuff" label: "I understand from our call yesterday that **you have not decided** whether to accept the waivers or to retain a process server to properly serve my clients sometime in the future." (Id.) Counsel then instructed: "If you approve of the attached waivers, please advise us and file them with the Court." (Id.)

**September 17, 2026 — Plaintiff filed both executed waivers.** (D.E. 23, 24.)

**September 22–23, 2026 — Defendants moved to quash (DE 26); the Clerk declined to enter default (DE 28).** On September 22, believing the executed waivers valid and the response period expired on Defendants' own terms, Plaintiff applied for a clerk's entry of default (D.E. 27, with supporting declaration and proposed order at D.E. 27-1, 27-2). On September 23, the Clerk declined to enter default (D.E. 28), citing the pendency of D.E. 26. No default was ever entered. Plaintiff does not press that application, and in light of Defendants' motion consents to a fresh, Court-set response deadline as described below.

## II. ARGUMENT

### A. The waivers were executed, repeatedly transmitted, and filed — Rule 4(d) requires no further step

Rule 4(d) describes three steps: a written request, the defendant's return of an executed waiver, and the plaintiff's filing of that waiver with the court. Fed. R. Civ. P. 4(d)(1), (d)(4). The Rule contains no separate plaintiff "acceptance" or "authorization" step. Defendants'

motion rests on a procedural requirement that does not exist in the text — a step counsel invented, never time-limited, and now invokes as fatal.

The "rebuffed" narrative fails on Defendants' own words. Ms. McKee wrote that Plaintiff "ha[d] not decided" — an open question is not a rejection. (Ex. 5; D.E. 26-1 at 7–11.) And any defect in the July 2 request — the incorrect summons — was corrected on July 10, when Plaintiff re-transmitted the corrected court-sealed summons before Defendants executed the waivers; counsel's own "as if ... properly sent" language expressly waived precisely those request defects. Finally, Defendants' conduct after the July 22 call is inconsistent with any rebuff: they executed and transmitted a second set of waivers and directed Plaintiff to "file them with the Court." (Id.) Plaintiff did exactly that.

**B. If the Court reaches timeliness, Rule 4(m) favors extension — not forfeiture**

Plaintiff acknowledges that Rule 4(d)(4) treats the action as proceeding "as if a summons and complaint had been served" at the time a waiver is filed, and that the September 17 filing post-dates the August 23 deadline in the Court's extension order (D.E. 22). Rule 4(m) "affords discretion to the district court to extend the time for service even in the absence of good cause." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (citing Henderson v. United States, 517 U.S. 654 (1996)). Where good cause is absent, the court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). The discretionary factors support extension:

- **Actual notice — pleaded as a discretionary factor, not a cure.** See Mfrs. Hanover Trust Co. v. Ponsoldt, 51 F.3d 938 (11th Cir. 1995). Defendants' own counsel engaged

with Plaintiff on the waiver process over three weeks — transmitting executed forms on July 10, retransmitting them that evening, conferring by phone on July 22, and sending a second executed set on July 23 — and Defendants do not contend they lacked awareness of the action. (Exs. 3–5; D.E. 26-1.)

- **Reliance on Defendants' executed documents and instructions.** Counsel supplied signed forms and directed Plaintiff to "advise us and file them with the Court" — circumstances bearing on the discretionary extension inquiry under Lepone-Dempsey, 476 F.3d at 1282.
- **Reasonable reliance by a pro se litigant.** Defendants never withdrew the waivers, set no deadline for the requested "advise us" response, and never alerted Plaintiff they considered the matter unresolved.
- **Length and cause of delay.** The delay lay in filing documents already executed — Plaintiff filed September 17, five days before the September 22 call identified in Defendants' filing and counsel's emails. (Stratmann Decl.; Ex. A.)
- **Pro se status.** See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Defendants' authorities involve materially different service records than those present here. Here Defendants' own counsel supplied, signed, and twice transmitted the executed forms. Nor does claimed prejudice survive inspection. Defendants argue the late filing denied them a chance to respond "without risk of default." (D.E. 26 at 9.) The September 8 date was their own drafting, and no default was entered — the Clerk refused it at DE 28. Defendants' own alternative request is a fresh 30-day response period (D.E. 26 at 10–11); Plaintiff asks for a

fresh, unambiguous deadline. The parties disagree about whether the executed waivers stand, not about whether a new response date is appropriate.

**C. Plaintiff does not press the default application — the record shows good faith**

Plaintiff anticipates that Defendants will characterize the September 22 default application (D.E. 27) as opportunistic. The sequence, on the docket itself, shows otherwise: Defendants' executed waivers, as filed, reflected a September 8 response date (D.E. 23, 24, "60 days from 07/10/2026"). When that date passed with no appearance or filing from Defendants, Plaintiff applied for a clerk's entry of default on September 22 — the remedy Rule 55(a) contemplates where a party "has failed to plead or otherwise defend." Defendants filed D.E. 26 the same day. The Clerk declined entry (D.E. 28), and Plaintiff does not press the application further. To eliminate any doubt, Plaintiff affirmatively waives any right to seek entry of default or default judgment based on any response deadline derived from the July 10 or July 23 waiver dates.

Two points follow. First, the application was consistent with a good-faith reading of Defendants' own documents: counsel twice transmitted executed waivers with self-selected response dates and never wrote that the waivers were revoked or would be treated as withdrawn. Second, Plaintiff's conduct since is inconsistent with any windfall-seeking narrative: rather than appeal the Clerk's non-entry or renew the application, Plaintiff consents on this record to a fresh, Court-set response period for Defendants — the relief Defendants themselves request in the alternative (D.E. 26 at 10–11). A party seeking adjudication on the merits does not ask for a procedural forfeiture; Plaintiff asks only that the executed instruments Defendants' counsel signed be given effect, or that the Court set a clean path

forward. See In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) ("[T]here is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.").

**D. The executed AO 399 recitals and counsel's conduct weigh against striking**

The executed AO 399 forms contain counsel's representations concerning receipt of listed materials. Counsel's own transmittal carries a facial date error ("June 10" in a July 10 email) — clerical imprecision ran on both sides. As record weight, executed waivers were repeatedly transmitted and remained available for filing.

**E. The character attacks are not a basis under Rule 4**

Defendants' citations to findings in other cases (D.E. 26 at 9–10) address other entities, other conduct, and other courts; they supply no basis for relief under Rule 4.

**III. CONCLUSION AND RELIEF REQUESTED**

Plaintiff respectfully requests that the Court: (a) DENY Defendants' Motion to Quash or Strike Waivers of Service (D.E. 26); (b) in the alternative, extend the service period through September 17, 2026, or grant a short defined period to complete service under Rule 4(m); (c) note on the record that Plaintiff does not press his application for clerk's entry of default (D.E. 27), which the Clerk declined to enter (D.E. 28); (d) set a fresh, unambiguous deadline — Plaintiff consents to thirty (30) days from the Court's ruling — for Defendants' response to the Complaint; and (e) grant such other relief as is just.

Respectfully submitted,

/s/ Charles Jacob Stratmann

CHARLES JACOB STRATMANN

Pro Se, Individually

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Dated: October 2, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026 this Opposition was served by email on counsel for Defendants: Traci T. McKee (traci.mckee@faegredrinker.com), Elizabeth A. Wurm (elizabeth.wurm@faegredrinker.com), and Blake Bachman (blake.bachman@faegredrinker.com), Faegre Drinker Biddle & Reath LLP.

/s/ Charles Jacob Stratmann

CHARLES JACOB STRATMANN