Charles Jacob Stratmann

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Pro Se, Individually

FILED BY VB D.C.

OCT 02 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CHARLES JACOB STRATMANN, Plaintiff, v. MADISON INDUSTRIES, INC., and SEAKEEPER, INC., Defendants.

CASE NO. 0:26-cv-61001-EA Judge Ed Artau Magistrate Judge Jared M. Strauss

**DECLARATION OF CHARLES JACOB STRATMANN**

I, Charles Jacob Stratmann, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in this action and proceed pro se. I submit this declaration in support of my Opposition to Defendants' Motion to Quash or Strike Waivers of Service (D.E. 26).

2. On July 10, 2026, Defendants' counsel transmitted executed waivers of service for both Defendants and asked me to confirm authorization to file them. On July 23, 2026, following a telephone call, counsel transmitted a second set of executed waivers and stated that the waivers "provide 60 days from today to respond to the Complaint," adding: "If you approve of the attached waivers, please advise us and file them with the Court."

3. On July 2, 2026, this Court extended the deadline to effectuate service to August 23, 2026. (D.E. 22.) I understood that order to set a deadline by which service on Defendants had to be completed — not a deadline by which executed waiver papers had to be filed with the Court. I understood service to have been effectuated when Defendants' counsel executed and returned the waivers on July 10, and again on July 23 — both before August 23.

4. On July 22, 2026, I spoke with Ms. McKee by telephone. I thanked her for the information and the waiver materials and told her I would look into it. I did not state that I rejected or refused to use the July 10 waiver materials — I never denied the first waiver of service, and I proceeded on the understanding that the executed waivers remained available for filing and that the response date ran 60 days from the waiver transmission dates stated in counsel's own emails. I did not understand that a separate email approving the waivers was required in addition to filing them; the repeated requests for a response appeared unnecessary to me for that reason. The conversation then shifted to unrelated matters, including where she lived — Fort Myers — and my family in that area, including Rad and Kathy, and my recollection of watching my uncle, Judge Radford Sturgis, preside in court there when I was a child. I did not send a separate post-call approval email; I understood my later filing of the waivers to communicate my acceptance of them. I make no assertion about opposing counsel's intent.

Counsel's own contemporaneous writing describes my posture the same way: "I understand from our call yesterday that you have not decided whether to accept the waivers or to retain a process server to properly serve my clients sometime in the future." (D.E. 26-1; Ex. 5.)

5. Defendants' counsel's own July 23 transmission stated that the attached waivers provided "60 days from today" — a response date of approximately September 21, 2026 — and asked me to advise counsel and file them if I approved. Counsel set no deadline for that response, and at no point between July 23 and September 17 did counsel tell me the executed waivers were withdrawn, expired, or would be challenged if filed.

6. I held the executed waivers intending to file them, and on September 17, 2026 — within the 60-day response period counsel's own July 23 transmission stated — I filed them with the Court. (D.E. 23, 24.) The filing was my approval and acceptance of the waivers as Defendants' counsel had framed them.

7. The waivers I filed reflected two 60-day response dates: the executed forms filed at D.E. 23 and D.E. 24 state a response date of September 8, 2026 — 60 days from the July 10, 2026 transmission — and Defendants' counsel's later July 23, 2026 email stated that the second set of waivers provided "60 days from today," approximately September 21, 2026. I filed the waivers on September 17, 2026, consistent with the response periods stated in Defendants' own documents and emails. Defendants' filing and counsel's emails identify a telephone call on September 22, 2026 in which counsel stated their intent to move to quash; my September 17 filing preceded that identified call date and was not a reaction to any warning or threat.

8. I am not an attorney. I read the Court's extension order in its ordinary sense — a deadline to serve the Defendants — and believed the executed waivers had accomplished that. If the

Court concludes the September 17 filing was untimely, I respectfully ask that it be excused under Rule 4(m) given Defendants' executed documents, their counsel's stated 60-day response period, and the absence of any prejudice — and that the Court set a fresh response deadline.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Oct 2, 2026.

/s/ Charles Jacob Stratmann

CHARLES JACOB STRATMANN

Pro Se, Individually

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com