Charles Jacob Stratmann
Pro Se, Individually
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

# EXHIBIT A — WAIVER TRANSMISSION CHART (VERIFIED AGAINST NATIVE FILES)

## UNITED STATES DISTRICT COURT — SOUTHERN DISTRICT OF FLORIDA

## Stratmann v. Madison Industries, Inc. and Seakeeper, Inc. — Case No. 0:26-cv-61001-EA | All quotes verbatim from source documents

Cross-reference: Exhibit B (Notice & Demand Chronology) catalogs the pre-suit and parallel two-way notice record framing these transmissions.

This chart is not argument — it indexes the record.

| # | Date / Time | Sender | Exact operative language | Attachments | Form state |
|---|---|---|---|---|---|
| 1 | 07/02/2026, 11:05:00 AM | Stratmann → Larry Gies (Madison CEO); CC: legal@starboardyacht.com, legal@helmlegal.net | Subject: "FRCP 4(d) Request to Waive Service — Madison Industries, Inc. — Case 0:26-cv-61001-EA" | MAILBOX-VERIFIED (Graph sent-items): `Complaint_61001_CJS_v_Madison_Seakeeper.pdf` (868,979 B); `SUMMONS_61001_MADISON_INDUSTRIES.pdf` (52,871 B); `AO399_Waiver_of_Service.pdf` (269,330 B) | Request package — complaint + issued summons + blank AO 399 |
| 2 | 07/02/2026, 11:05:01 AM | Stratmann → Will Cimino (Seakeeper CFO); CC: legal@starboardyacht.com, legal@helmlegal.net, **tmckee@faegredri** | Subject: "FRCP 4(d) Request to Waive Service — Seakeeper, Inc. — Case 0:26- | Native .msg + MAILBOX-VERIFIED: `Complaint_61001_CJS_v_Madison_Seakeeper.pdf` (868,979 B); `SUMMONS_61001_SEAKEEPER_INC.pdf` (52,831 B); `AO399_Waiver_of_Service.pdf` (269,330 B) | Request package — complaint + issued summo |

| | | | | | |
|---|---|---|---|---|---|
| | | **nker.com** | cv-61001-EA" | | ns + blank AO 399 |
| 3 | 07/10/2026, 2:43:40 PM | Elizabeth A. Wurm, Faegre Drinker → Stratmann; **CC: McKee** | "We have received your request to waive service of summons for both defendants." … "will agree to waive service as if the requests to waive service were properly sent as of today, June 10, 2026 [sic — sent July 10; forms dated July 10], with any answer or responsive pleading due 60 days from today. Attached are the executed waivers of service of summons. Please confirm your authorization to file | Native .msg VERIFIED — 2 PDFs: Seakeeper waiver (178,207 B); Madison waiver (376,744 B). Subject line: "Executed Waivers of Service of Summons" | **Both fully completed** — district, case no., defendant, 07/10/2026 request + waiver dates, Wurm signature + full contact block |

| | | | | | |
|---|---|---|---|---|---|
| | | | these waivers with the Court." | | |
| 4 | 07/10/2026, 5:24:17 PM | Stratmann → Larry Gies; CC: jake@starboardyacht.com | Subject: "FRCP 4(d) Request to Waive Service — FINAL AND OPERATIVE — Stratmann v. Madison Industries, Inc." | MAILBOX-VERIFIED (Graph sent-items): `61001-EA_MADISON_INDUSTRIES_SEALED_20260709.pdf` (104,063 B) | Corrected request — court-sealed summons package |
| 5 | 07/10/2026, 5:24:20 PM | Stratmann → Will Cimino; CC: jake@starboardyacht.com | Subject: "FRCP 4(d) Request to Waive Service — FINAL AND OPERATIVE — Stratmann v. Seakeeper, Inc." | MAILBOX-VERIFIED (Graph sent-items): `61001-EA_SEAKEEPER_INC_SEALED_20260709.pdf` (103,904 B) | Corrected request — court-sealed summons package |
| 6 | 07/10/2026, 10:39:24 PM | Elizabeth A. Wurm → Stratmann; **CC: McKee** | "We are again confirming receipt of your most recent correspondence… As we previously confirmed, we have executed signed waivers of | Native .msg VERIFIED — identical attachment byte sizes (178,207 + 376,744) = **same two files reattached**, byte-for-byte | Same completed forms |

| | | | | | |
|---|---|---|---|---|---|
| | | | service for both Seakeeper, Inc. and Madison Industries, Inc., which we have reattached for convenience." | | |
| 7 | 07/23/2026, 12:03:20 PM | Traci T. McKee → Stratmann; **CC: Wurm** | "My clients will agree to waive formal service of process through the attached waivers which provide 60 days from today to respond to the Complaint." … "you have not decided whether to accept the waivers or to retain a process server." … "If you approve of the attached waivers, please advise us and file them with the Court." | Native .msg VERIFIED — subject "FW: …Executed Waivers of Service of Summons"; 2 PDFs "(7.23.2026 Service date)": Madison (185,511 B); Seakeeper (224,019 B) — **different sizes = second executed set** | Second set of executed AO 399s, dated 07/23/2026 |

| | | | | | |
|---|---|---|---|---|---|
| 8 | 09/17/2026 | C.J. Stratmann (filer) | — | DE 23 (Madison waiver returned executed); DE 24 (Seakeeper waiver returned executed). Docket text: "waiver sent on 7/10/2026, response/answer due 9/8/2026" | Filed executed forms — docketed |

## Field verification — the four native AO 399 forms

| Form | District | Case No. | Entity | Request date | Waiver date | Signed by | Complete? |
|---|---|---|---|---|---|---|---|
| Madison (7/10 set) | S.D. Fla. | 26-cv-61001-EA | Madison Industries, Inc. | 07/10/2026 | 07/10/2026 | Elizabeth A. Wurm | ✅ all fields |
| Seakeeper (7/10 set) | S.D. Fla. | 26-cv-61001-EA | Seakeeper, Inc. | 07/10/2026 | 07/10/2026 | Elizabeth A. Wurm | ✅ all fields |
| Madison (7/23 set) | S.D. Fla. | 26-cv-61001-EA | Madison Industries, Inc. | 07/23/2026 | 07/23/2026 | Elizabeth A. Wurm | ✅ (filename-stamped "7.23.2026 Service date") |
| Seakeeper (7/23 set) | S.D. Fla. | 26-cv-61001-EA | Seakeeper, Inc. | 07/23/2026 | 07/23/2026 | Elizabeth A. Wurm | ✅ |

## What each AO 399 recites (verbatim form text)

"I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you."

## Anomalies preserved (not argued, documented)

• Wurm's 7/10 email says "as of today, **June** 10, 2026" — sent July 10; the executed forms are dated July 10. Facial clerical discrepancy.

• Two sets of waivers bear different request dates (7/10 vs. 7/23) → different

Rule 12(a)(1)(A)(ii) response calculations (9/8 vs. 9/21).

- A blank/signature-only Madison template also circulated in the native files ("...IncB.pdf" partial-render artifact); the completed native Madison form controls. [Cite the completed version only.]
- DE 25 clerk's notice (9/18): Wurm "has not been added to this case" — the executing attorney never appeared; McKee/Bachman signed DE 26.

**Source files (native preservation)**

- `Stratmann … - Waiver of Service - Madison Industries, Inc..pdf` + `Seakeeper, Inc..pdf` — 7/23 executed set, filed as Exhibit 1–2 to the accompanying declaration (…`_(7.23.2026 Service date).pdf` pair)
- … `Waiver … Madison Industries, Inc..pdf` + `Seakeeper, Inc..pdf` — 7/10 executed set, filed on the docket at D.E. 23 and D.E. 24 (reproduced as Exhibit 6–7)
- Mailbox transmittal bodies and native `.eml`/.msg records for rows 3–7 are preserved in native form and accompany this filing as Exhibits 3–5 and 8–11

Dear Mr. Stratmann,

Along with my colleague Traci McKee, also of Faegre Drinker, I represent Seakeeper and Madison Industries, Inc. in the above-captioned matter pending in the United States District Court for the Southern District of Florida. We have received your request to waive service of summons for both defendants. Please note the following:

1. Please immediately refrain from any further communication with Mr. Gies or any employee or representative of Seakeeper, Inc. or Madison Industries, Inc. **You should instead direct all communications regarding this matter to me and Traci McKee, as their attorneys**.
2. Your prior correspondence purporting to serve requests for waivers of service on Madison Industries, Inc. and Seakeeper, Inc. were ineffective because they did not contain summonses signed by the clerk. Additionally, the correspondence transmitted to Madison Industries, Inc. with a signed summons this morning, July 10, did not include a waiver of service or the other required forms pursuant to Federal Rule of Civil Procedure 4(d).
3. Any other prior attempts at service on Seakeeper, Inc. are similarly ineffective because the summons was unsigned and a complaint cannot be validly served in Florida by Certified Mail.

**Nevertheless, in the spirit of cooperation, Seakeeper, Inc. and Madison Industries, Inc. will agree to waive service as if the requests to waive service were properly sent as of today, June 10, 2026, with any answer or responsive pleading due 60 days from today. Attached are the executed waivers of service of summons. Please confirm your authorization to file these waivers with the Court.**

As previously noted, please direct any future communications solely to Faegre Drinker.

Sincerely,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*
elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

Mr. Stratmann:

We are again confirming receipt of your most recent correspondence to Mr. Gies this evening requesting Madison Industries, Inc.'s waiver of service in the above-captioned action. As we previously confirmed, we have executed signed waivers of service for both Seakeeper, Inc. and Madison Industries, Inc., which we have reattached for convenience. **Please refrain from further communications with our clients and instead direct all communications to our firm.**

Regards,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*
elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Wurm, Elizabeth A.
**Sent:** Friday, July 10, 2026 1:44 PM
**To:** Jake Stratmann <jake@starboardyacht.com>
**Cc:** McKee, Traci T. <traci.mckee@faegredrinker.com>
**Subject:** Stratmann v. Madison Industries, Inc. and Seakeeper, Inc., 26-cv-61001 (S.D. Fla.) - Executed Waivers of Service of Summons

Dear Mr. Stratmann,

Along with my colleague Traci McKee, also of Faegre Drinker, I represent Seakeeper and Madison Industries, Inc. in the above-captioned matter pending in the United States District Court for the Southern District of Florida. We have received your request to waive service of summons for both defendants. Please note the following:

1. Please immediately refrain from any further communication with Mr. Gies or any employee or representative of Seakeeper, Inc. or Madison Industries, Inc. **You should instead direct all communications regarding this matter to me and Traci McKee, as their attorneys**.
2. Your prior correspondence purporting to serve requests for waivers of service on Madison Industries, Inc. and Seakeeper, Inc. were ineffective because they did not contain summonses signed by the clerk. Additionally, the correspondence transmitted to Madison Industries, Inc. with a signed summons this morning, July 10, did not include a waiver of service or the other required forms pursuant to Federal Rule of Civil Procedure 4(d).
3. Any other prior attempts at service on Seakeeper, Inc. are similarly ineffective because the summons was unsigned and a complaint cannot be validly served in Florida by Certified Mail.

**Nevertheless, in the spirit of cooperation, Seakeeper, Inc. and Madison Industries, Inc. will agree to waive service as if the requests to waive service were properly sent as of today, June 10, 2026, with any answer or responsive pleading due 60 days from today. Attached are the executed waivers of service of summons. Please confirm your authorization to file these waivers with the Court.**

As previously noted, please direct any future communications solely to Faegre Drinker.

Sincerely,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*
elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

Mr. Stratmann,
This email is in follow-up to our call yesterday afternoon. As we discussed and you agreed, neither Seakeeper nor Madison Industries have been properly served in this lawsuit (Case no. 26-cv-61001 (S.D. Fla.)). My clients will agree to waive formal service of process through the attached waivers which provide 60 days from today to respond to the Complaint (without waiver of all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action). I understand from our call yesterday that you have not decided whether to accept the waivers or to retain a process server to properly serve my clients sometime in the future. But as of today's date, neither have been properly served.

If you approve of the attached waivers, please advise us and file them with the Court.

As stated below, **please refrain from communications with our clients and instead direct all communications to our firm**.

Thank you.

**Traci T. McKee**
Partner
traci.mckee@faegredrinker.com
Connect: vCard

+1 239 286 6910 direct / +1 239 910 1291 mobile

Faegre Drinker Biddle & Reath LLP
1500 Jackson Street, Suite 201
Ft. Myers, FL 33901, USA

**From:** Wurm, Elizabeth A. <elizabeth.wurm@faegredrinker.com>
**Sent:** Friday, July 10, 2026 10:39 PM
**To:** Jake Stratmann <jake@starboardyacht.com>
**Cc:** McKee, Traci T. <traci.mckee@faegredrinker.com>
**Subject:** Stratmann v. Madison Industries, Inc. and Seakeeper, Inc., 26-cv-61001 (S.D. Fla.) - Executed Waivers of Service of Summons

Mr. Stratmann:

We are again confirming receipt of your most recent correspondence to Mr. Gies this evening requesting Madison Industries, Inc.'s waiver of service in the above-captioned action. As we previously confirmed, we have executed signed waivers of service for both Seakeeper, Inc. and Madison Industries, Inc., which we have reattached for convenience. **Please refrain from further communications with our clients and instead direct all communications to our firm.**

Regards,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*

elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Wurm, Elizabeth A.
**Sent:** Friday, July 10, 2026 1:44 PM
**To:** Jake Stratmann <jake@starboardyacht.com>
**Cc:** McKee, Traci T. <traci.mckee@faegredrinker.com>
**Subject:** Stratmann v. Madison Industries, Inc. and Seakeeper, Inc., 26-cv-61001 (S.D. Fla.) - Executed Waivers of Service of Summons

Dear Mr. Stratmann,

Along with my colleague Traci McKee, also of Faegre Drinker, I represent Seakeeper and Madison Industries, Inc. in the above-captioned matter pending in the United States District Court for the Southern District of Florida. We have received your request to waive service of summons for both defendants. Please note the following:

1. Please immediately refrain from any further communication with Mr. Gies or any employee or representative of Seakeeper, Inc. or Madison Industries, Inc. **You should instead direct all communications regarding this matter to me and Traci McKee, as their attorneys**.
2. Your prior correspondence purporting to serve requests for waivers of service on Madison Industries, Inc. and Seakeeper, Inc. were ineffective because they did not contain summonses signed by the clerk. Additionally, the correspondence transmitted to Madison Industries, Inc. with a signed summons this morning, July 10, did not include a waiver of service or the other required forms pursuant to Federal Rule of Civil Procedure 4(d).
3. Any other prior attempts at service on Seakeeper, Inc. are similarly ineffective because the summons was unsigned and a complaint cannot be validly served in Florida by Certified Mail.

**Nevertheless, in the spirit of cooperation, Seakeeper, Inc. and Madison Industries, Inc. will agree to waive service as if the requests to waive service were properly sent as of today, June 10, 2026, with any answer or responsive pleading due 60 days from today. Attached are the executed waivers of service of summons. Please confirm your authorization to file these waivers with the Court.**

As previously noted, please direct any future communications solely to Faegre Drinker.

Sincerely,
Elizabeth Wurm

**Elizabeth A. Wurm**
Associate
*Admitted to Practice in Illinois and Minnesota*
elizabeth.wurm@faegredrinker.com
Connect: vCard

+1 612 766 1830 direct / +1 612 719 3756 mobile / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Charles Jacob Stratmann, <br> *Plaintiff* <br> v. <br> Madison Industries, Inc., Seakeeper, Inc., <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 26-cv-61001-EA |

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles Jacob Stratmann, 545 NE 17th Ave, Fort Lauderdale, FL 33301
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/23/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/23/2026

Elizabeth A. Wurm
*Signature of the attorney or unrepresented party*

Madison Industries, Inc.
*Printed name of party waiving service of summons*

Elizabeth A. Wurm
*Printed name*

2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
*Address*

elizabeth.wurm@faegredrinker.com
*E-mail address*

(612) 766-1830
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Charles Jacob Stratmann<br>*Plaintiff* | ) | |
| v. | ) | Civil Action No. 26-cv-61001-EA |
| Madison Industries, Inc., Seakeeper, Inc.<br>*Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles Jacob Stratmann, 545 NE 17th Ave, Fort Lauderdale, FL 33301
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/23/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/23/2026

Elizabeth A. Wurm [signature]
*Signature of the attorney or unrepresented party*

Seakeeper, Inc.
*Printed name of party waiving service of summons*

Elizabeth A. Wurm
*Printed name*

2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
*Address*

elizabeth.wurm@faegredrinker.com
*E-mail address*

(612) 766-1830
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Charles Jacob Stratmann,
*Plaintiff*
v.
Madison Industries, Inc., Seakeeper, Inc.,
*Defendant*

Civil Action No. 26-cv-61001-EA

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles Jacob Stratmann, 545 NE 17th Ave, Fort Lauderdale, FL 33301
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/10/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/10/2026

*Signature of the attorney or unrepresented party*

Madison Industries, Inc.
*Printed name of party waiving service of summons*

Elizabeth A. Wurm
*Printed name*

2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
*Address*

elizabeth.wurm@faegredrinker.com
*E-mail address*

(612) 766-1830
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Charles Jacob Stratmann<br>*Plaintiff* | ) | |
| v. | ) | Civil Action No. 26-cv-61001-EA |
| Madison Industries, Inc., Seakeeper, Inc.<br>*Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles Jacob Stratmann, 545 NE 17th Ave, Fort Lauderdale, FL 33301
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/10/2026, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 07/10/2026

Elizabeth A. Wurm
*Signature of the attorney or unrepresented party*

Seakeeper, Inc.
*Printed name of party waiving service of summons*

Elizabeth A. Wurm
*Printed name*

2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
*Address*

elizabeth.wurm@faegredrinker.com
*E-mail address*

(612) 766-1830
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.